## STATE COURT OF APPEALS—Continued

### No. 635
### PORTAGE MARKET CO. v. GEORGE

Ohio Appeals, 9th Dist., Summit County
No. 796. Decided Feb. 25, 1924

225. CHARGE TO JURY—Submission of statute to jury when evidence substantiates violation of pure food act, though not pleaded, held not erroneous.

923. PLEADING—A general statute need not be pleaded.

981. PURE FOOD LAW—Knowledge of unwholesomness of food not necessary to constitute a violation of Pure Food Act.

WASHBURN, J.              Epitomized Opinion
*Published Only in Ohio Law Abstract*

Motion to certify this case, pending in Supreme Court.

This was an action to recover for an injury caused by the eating of unwholesome meat, which was unfit for human consumption. The Market Company sold to the mother of Charles George a certain veal roast for domestic use and immediate consumption, some of which was eaten by the boy and which caused him to become seriously ill. The evidence disclosed that the meat was thoroughly cooked.

The Market Company offered evidence tending to disprove these facts and tending to show that the meat was wholesome. At the instance of the Market Company the following interrogatory was submitted to the jury: "Do you find from the evidence that the veal roast purchased by the plaintiff's mother was unwholesome at the time it was sold to her by the defendant?" The jury returned a verdict for $5,000, whereupon defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. While the petition did not allege that the sale violated any statute, yet the petition did allege facts which, if true, constituted the violation of a state law; consequently the court in submitting the case to the jury upon one claim of negligence, to wit, the sale of putrid or unwholesome meat in violation of the state law, did not commit error.

2. It was unnecessary to plead a general statute in order to take advantage of this violation, as the mere allegation of facts, which, if true, constitutes a violation of the statute is sufficient.

3. Knowledge of the unwholesome character of the food sold is not necessary under GC. 12760 in order to constitute a violation of this section.

Attorneys—Carl M. Myers and Donald Gottwald, for Market Co.; Smoyer, Clinedinst & Smoyer, for George; all of Akron.

### No. 636
### BRETT v. DRAWE et al

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5144. Decided June 9, 1924

1008. REFERENCE AND REFEREES—Finding on reference in action for accounting, sustained if not found incorrect.

ROBERTS, J.              Epitomized Opinion
*Published Only in Ohio Law Abstract*

This was an action for an accounting. Brett was an advertising and selling expert and Drawe was an expert in organizing and efficiently conducting business enterprises. In September, 1921, he entered into a partnership for the purpose of discovering business enterprises which were in difficulty financially or otherwise, because of insufficient organization or conduct and of tendering their services for the purposes of relieving the troubles of such corporations and of obtaining capital for the further conducting of said business enterprises. Through the efforts of the plaintiff the partnership was employed by various companies.

The plaintiff claimed that the defendant refused him information as to the receipts and expenses, and that he had refused to account in any way in regard to the business affairs of the partnership. The court found the allegations true and ordered a hearing before a referee as to the amount due. After the referee had made his finding, which was confirmed by the court, an appeal was prosecuted to the Court of Appeals by the defendant, claiming that the referee found a larger sum to have been collected by Drawe than was actually collected. In affirming the report of the referee, the Court of Appeals held:

1. It cannot be said that the report of a referee finding that certain promissory notes had been paid was an erroneous finding or that the amount found due the plaintiff was incorrect.

Attorneys—White, Cannon & Spieth,, for Brett; H. O. Evans, for Drawe et al; all of Cleveland.